UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

BENNIE L. GAMBLE, JR.,

    Plaintiff,

V.

AMUL R. THAPAR, District Judge,

    Defendant.

Civil Action No. 7: 14-041-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Bennie L. Gamble, Jr., is an inmate confined at the Northpoint Training Center in Burgin, Kentucky. Gamble has filed a one-page "Criminal Complaint" on an AO Form 91, naming Amul R. Thapar, District Judge for the Eastern District of Kentucky, as the defendant. [R. 1]

Gamble's complaint contends that Judge Thapar violated his "civil rights" in violation of Title 18, Chapter 13; "conspired against [his] rights" in violation of Title 18, Section 241; "depriv[ed his] rights under color of law" in violation of Title 18, Section 242; committed "peonage" and "obstruct[ed] enforcement" in violation of Title 18, Section 1581; committed fraud and made false statements in violation of Title 18, Section 1002; and committed major fraud against the United States in violation of Title 18, Section 1031. Gamble states that his claims are based upon the following facts: "Constitutional; Fact doctrine, Jurisdictional; fact doctrine, Constitutional tort, Government tort, intentional tort, Negligent tort, Personal tort, Prima: facie." For administrative purposes, the Clerk of the Court has docketed Gamble's criminal complaint as a civil rights action filed pursuant to 42 U.S.C. § 1983. *Id*.

Over a three-day period, Gamble filed a total of six such one-page "criminal complaints," identical in all respects save for the name of the identified defendant. *Gamble v. Thapar*, No. 7:

14-CV-41-KKC (E.D. Ky. 2014); *Gamble v. Corrections Corp. of America*, No. 7: 14-CV-45-ART (E.D. Ky. 2014); *Gamble v. Ky. Dept. of Corr.*, No. 5: 14-CV-117-KKC (E.D. Ky. 2014); *Gamble v. Conway*, No. 5: 14-CV-118-DCR (E.D. Ky. 2014); *Gamble v. Bottom*, No. 5: 14-CV-119-JMH (E.D. Ky. 2014); *Gamble v. Long*, No. 5: 14-CV-120-KKC (E.D. Ky. 2014).

Gamble has a well-established history as a repetitive and abusive filer before this Court, and each of the defendants he has named in his "criminal complaints" was a named defendant in one or more of several prior civil rights actions filed by Gamble in an effort to overturn his Kentucky state convictions. Each case was dismissed by this Court upon initial screening. *Gamble v. Corrections Corp. of America*, No. 7: 12-CV-79-KKC (E.D. Ky. 2012); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-63-ART (E.D. Ky. 2013); *Gamble v. Corrections Corp. of America*, No. 7: 13-CV-82-ART (E.D. Ky. 2013); *Gamble v. Commonwealth of Kentucky*, No. 5: 13-CV-308-DCR (E.D. Ky. 2013); *Gamble v. Ky. Dept. of Corr.*, No. 5: 13-CV-317-KKC (E.D. Ky. 2013); *Gamble v. Bottom*, No. 5: 13-CV-326-JMH (E.D. Ky. 2013); *Gamble v. Conway*, No. 5: 13-CV-327-JMH (E.D. Ky. 2013); *Gamble v. Peckler*, No. 5: 13-CV-328-KSF (E.D. Ky. 2013).

Gamble's "criminal complaint" must be dismissed, because only a prosecutor has the authority to file criminal charges; a private citizen like Gamble lacks standing to initiate criminal proceedings. *Diamond v. Charles*, 476 U.S. 54, 64 (1986) (explaining that a private citizen may not compel enforcement of a criminal law, because he "lacks a judicially cognizable interest in the prosecution of nonprosecution of another") (internal quotation marks omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Williams v. Luttrell*, 99 F. App'x 705, 707 (6th Cir. 2004) ("[A]s a private citizen, Williams has no authority to initiate a federal criminal prosecution. ..."). And while the Court might otherwise liberally construe Gamble's filing as yet another attempt to challenge his state convictions through the civil rights statutes, his prior and

repeated invocation of that remedy makes clear that he knows how to do so when he wishes. In any event, Gamble has long been subject to the "three strikes" bar of 28 U.S.C. § 1915(g), and the Court construes his current invocation of federal criminal statutes against the same defendants named in his prior civil rights actions as merely an attempt to evade the consequences of his prior frivolous filings.

Accordingly, it is **ORDERED** as follows:

1. Gamble's Criminal Complaint [R. 1] is **DISMISSED WITH PREJUDICE.**

2. The Court will enter a judgment contemporaneously with this Order.

3. This matter is **STRICKEN** from the active docket of the Court.

Entered April 22, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY